Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Smittie J. Brown *v.* Neville Chemical Company and American Mutual Insurance Companies, Insurance Carrier, Appellants.

Argued May 9, 1975, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Herbert Grigsby,* with him *Ralph A. Davies* and *Thomson, Rhodes & Grigsby,* for appellants.

*Smittie J. Brown,* appellee, for himself.

*James N. Diefenderfer,* for appellee, Workmen's Compensation Appeal Board.

*Thomas W. Scott,* with him *John D. Killian* and *Killian & Gephart,* for amicus curiae, Life Fellowship of Pennsylvania.

OPINION BY JUDGE ROGERS, July 25, 1975:

This case is companion to *Workmen's Compensation Appeal Board v. Overmyer Mold Company,* 20 Pa. Commonwealth Ct. 342, 342 A.2d 439 (1975). Here, too, pursuant to Section 306(f) of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §531, the employer designated five physicians for treatment of injured employes. The referee found on substantial competent evidence that the instant claimant, Smittie J. Brown, had actual knowledge of the designation. He nevertheless refused to consult any of the desig-

nated physicians and was attended by a chiropractor who charged $424.00 for a course of treatment. The employer refused reimbursement, but a referee, affirmed by the Workmen's Compensation Board, awarded reimbursement of the chiropractor's charges. The employer has appealed.

In *Workmen's Compensation Appeal Board v. Overmyer Mold Company, supra,* we interpreted Section 306 (f) as requiring employes to consult physicians designated by the employer and as relieving the employer from the obligation to pay for medical expenses incurred otherwise, without authorization of the employer or one of the physicians designated. The same considerations apply here and the same result must obtain.

### ORDER

AND NOW, this 25th day of July, 1975, it is ordered that the decision of the Workmen's Compensation Appeal Board be and it hereby is reversed.